**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BUMBLE BEE PARENT, INC., *et al.*,[1] | Case No. 19-12502 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR AN ORDER ENFORCING
SECTION 362 OF THE BANKRUPTCY CODE AND CONFIRMING THE
DEBTORS' AUTHORITY WITH RESPECT TO POSTPETITION OPERATIONS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 362 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), (i) enforcing the Bankruptcy Code's automatic stay provisions, (ii) confirming the status of the Debtors' authority with respect to the postpetition operation of their business, and (iii) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Kent McNeil in Support of Chapter 11 Petitions and First-Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bumble Bee Parent, Inc. (5118); Bumble Bee Holdings, Inc. (1051); Bumble Bee Foods, LLC (0146); Anova Food, LLC (2140); and Bumble Bee Capital Corp. (7816). The headquarters for the above-captioned Debtors is 280 Tenth Avenue, San Diego, CA 92101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

01:25563942.1

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are sections 105(a) and 362 of the Bankruptcy Code.

**BACKGROUND**

3. On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in the Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

4. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

**RELIEF REQUESTED**

5.  By this Motion, the Debtors seek entry of a declaratory order enforcing section 362 of the Bankruptcy Code and confirming the status of the Debtors' authority with respect to the postpetition operation of their business.  The Debtors operate one of North America's largest branded shelf-stable seafood companies, offering a full line of canned and pouched tuna, salmon, sardines, chicken, and specialty seafood products marketed in the United States under various brands.  While the Debtors rely on suppliers in the United States to obtain certain goods and services, the Debtors obtain the overwhelming majority of goods and services used in the operation of their business from foreign vendors, including vendors located in Taiwan, Indonesia, Thailand, and Mexico, among other countries.  Such circumstances warrant an order apprising parties—particularly foreign vendors who are unfamiliar with the "automatic" vesting of the automatic stay—of section 362 of the Bankruptcy Code and the protections provided thereby, as well as the provisions of sections 1107 and 1108 that permit continued operation of the Debtors' business.

**BASIS FOR RELIEF**

6.  The filing of the Chapter 11 Cases triggered an automatic stay under section 362 of the Bankruptcy Code that enjoins all persons and all governmental units from, among other things:  (i) commencing or continuing any judicial, administrative, or other proceeding against the Debtors that was or could have been commenced before the Chapter 11 Cases were filed, or recovering upon a claim against any of the Debtors that arose before the commencement of the Chapter 11 Cases; and (ii) taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of the Chapter 11 Cases. *See* 11 U.S.C. § 362.

7. The injunction contained in section 362 of the Bankruptcy Code is self-executing. It constitutes a fundamental debtor protection which, in combination with other provisions of the Bankruptcy Code, provides the Debtors with the essential "breathing spell" necessary to enable the Debtors' smooth and orderly transition into chapter 11. *See, e.g., Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) ("The automatic stay . . . gives a bankrupt a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions . . . . [It] permits a bankrupt to attempt a repayment or reorganization plan.") (citations omitted).

8. Moreover, in light of the importance of the automatic stay, courts have broadly construed the automatic stay provision of section 362 of the Bankruptcy Code and have recognized the extraterritorial reach of the automatic stay. *See, e.g., In re Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) (upholding the Bankruptcy Court's decision to enforce the automatic stay extraterritorially); *SIPC v. Bernard L. Madoff Secs. LLC (In re Bernard Madoff Inv. Sec. LLC)*, 474 B.R. 76 (S.D.N.Y. 2012); *Picard v. Maxam Absolute Return Fund L.P. (In re Bernard L. Madoff Inv. Sec. LLC)*, 460 B.R. 106 (Bankr. S.D.N.Y. 2011).

9. Notwithstanding the fundamental nature of this statutory protection, not all parties affected or potentially affected by the commencement of a chapter 11 case may be aware of its existence or of the scope of a debtor in possession's authority to conduct business. Nor are all parties cognizant of their significance and impact. Debtors in bankruptcy often must advise third parties of the existence and effect of section 362 of the Bankruptcy Code and the automatic stay it creates. Occasionally, a chapter 11 debtor has to initiate proceedings in the bankruptcy court to enforce the protections contained therein. Creditors may inaccurately believe that the Debtors are no longer operating or that an administrator or liquidator has been appointed and the

Debtors are no longer in control of their operations. Without the basics for understanding the authorization the Bankruptcy Code provides for continued operation of the business, the Debtors believe that some of their foreign creditors may be unwilling to continue to deal with the Debtors, to the detriment of their business and success of the Chapter 11 Cases. To avoid such unnecessary actions and to provide notice to parties unfamiliar with the Bankruptcy Code of the scope and effect of the automatic stay, a bankruptcy court may issue an order embodying and restating those provisions.

10. Such an order is particularly appropriate here in light of the Debtors' reliance on foreign vendors to supply goods and services critical to the operation of their business. Some of the parties affected by section 362 of the Bankruptcy Code likely are not aware of the significant and necessary protections that they provide. In addition, the Debtors and their property may be subject to the rules and regulations of numerous governmental authorities, including those in foreign jurisdictions, that may not be familiar with United States bankruptcy law and that, absent such an order, may take precipitous action against the Debtors or their property.

11. The order simply restates the safeguards which section 362 of the Bankruptcy Code provides for the Debtors, as well as confirms that section 1107(a) of the Bankruptcy Code gives a debtor in possession the power to operate a business in the ordinary course, while section 1108 of the Bankruptcy Code "mak[es] continued operation of the Debtor's business the norm." 7 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 1108.01 (16th ed.); *see also* 11 U.S.C. §§ 1107(a), 1108. Entry of such order would likely spare the Debtors from the burden of commencing proceedings to enforce the protections automatically provided by the Bankruptcy Code. If the Debtors' foreign creditors and counterparties are not

apprised of the Debtors' ability to continue business operations under the Bankruptcy Code, many may be unwilling to conduct business with the Debtors. Consequently, the order will assist the Debtors in maximizing the value of their assets for the benefit of all stakeholders in the Chapter 11 Cases.

12. The Bankruptcy Code authorizes the requested relief and Courts in this district have often entered such orders, especially in cases having cross-border or international implications. Under section 105(a) of the Bankruptcy Code, "the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. The purpose of section 105(a) is "to assure the bankruptcy courts' power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 105.01(16th ed.). Such power conforms to the bankruptcy courts' inherent equitable authority. *See, e.g.*, *United States v. Energy Res. Co.*, 495 U.S. 545, 549 (1990). Among those equitable powers is the bankruptcy court's broad ability to issue injunctions to enforce a stay, or even to reimpose a lapsed stay. *See Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.)*, 878 F.2d 693, 701 (3d Cir. 1989) (finding court has authority to reimpose a lapsed stay).

13. The Debtors therefore respectfully request that the Court issue the Proposed Order. Entry of the Proposed Order will protect the Debtors from unwitting violations of the Bankruptcy Code by parties in foreign jurisdictions that are not familiar with the Bankruptcy Code or its protections and that otherwise might violate the automatic stay. As such, the Debtors believe entry of this order is necessary to maximize the value of the Debtors' estates in so far as it will help prevent parties from attempting to seize or enforce against the Debtors'

assets, or otherwise impair the Debtors' ability to continue operations. *See, e.g., Wedgewood*, 878 F.2d at 696.

## RESERVATION OF RIGHTS

14. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be, nor should it be, construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## NOTICE

15. Notice of this Motion has been or will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) holders of the twenty (20) largest unsecured claims on a consolidated basis against the Debtors; (c) counsel to the ABL Agent and ABL DIP Agent; (d) counsel to the Term Loan Agent and Term Loan DIP Agent; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the Offices of the United States Attorney for each of the District of Delaware and the Northern District of California; and (h) the Banks. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**CONCLUSION**

WHEREFORE, the Debtors request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 21, 2019
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Jared W. Kochenash*
Pauline K. Morgan (No. 3650)
Ryan M. Bartley (No. 4985)
Ashley E. Jacobs (No. 5635)
Elizabeth S. Justison (No. 5911)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Alan W. Kornberg
Kelley A. Cornish
Claudia R. Tobler
Christopher Hopkins
Rich Ramirez
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BUMBLE BEE PARENT, INC., *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 19-12502 (___)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ____** |

**ORDER ENFORCING
SECTION 362 OF THE BANKRUPTCY CODE AND CONFIRMING THE
DEBTORS' AUTHORITY WITH RESPECT TO POSTPETITION OPERATIONS**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a) and 362 of the Bankruptcy Code, enforcing the Bankruptcy Code's automatic stay and confirming the status of the Debtors' authority with respect to the postpetition operation of their business; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having determined that it may enter a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bumble Bee Parent, Inc. (5118); Bumble Bee Holdings, Inc. (1051); Bumble Bee Foods, LLC (0146); Anova Food, LLC (2140); and Bumble Bee Capital Corp. (7816). The headquarters for the above-captioned Debtors is 280 Tenth Avenue, San Diego, CA 92101.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and upon the record in the Chapter 11 Cases and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Effective as of the Petition Date, by operation of law, as provided by section 1107 of the Bankruptcy Code, each Debtor is, and has the legal status of, a debtor in possession.

3. Effective as of the Petition Date, by operation of law, as provided by section 1108 of the Bankruptcy Code, as a debtor in possession, each Debtor is authorized to operate its business in the ordinary course, including, without limitation, negotiating and entering into business transactions, performing obligations, incurring liabilities and paying amounts in respect of such transactions as of the Petition Date as they become due and payable.

4. Pursuant to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

> a. commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors, including the issuance or employment of process, that was or could have been initiated before the Debtors' Chapter 11 Cases commenced;

b.  enforcing, against the Debtors or their estates, a judgment obtained before the commencement of the Debtors' Chapter 11 Cases, except as may be permitted pursuant to section 546(b) of the Bankruptcy Code;

c.  taking any action to obtain possession of property of the estates or of property from the estate or to exercise control over property of the Debtors' estates;

d.  taking any action to create, perfect, or enforce any lien against property of the Debtors' estates, except as may be permitted pursuant to section 546(b) of the Bankruptcy Code;

e.  taking any action to create, perfect, or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of the Debtors' Chapter 11 Cases, except as may be permitted pursuant to section 546(b) of the Bankruptcy Code;

f.  collecting, assessing, or recovering a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

g.  offsetting any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases against any claim against the Debtors; and

h.  commencing or continuing a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine for a taxable period ending before the Petition Date.

5.  This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.  In addition, this Order shall not affect the substantive rights of any party.

6.  Pursuant to sections 105, 362, and 365 of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, notwithstanding a provision in an executory contract (a "Contract") or unexpired lease (a "Lease") or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all Contracts and Leases to which the Debtors are parties or

signatories, at any time after the commencement of the Chapter 11 Cases because of a provision in such Contract or Lease that is conditioned on the (i) insolvency or financial condition of the Debtors at any time before the closing of the Chapter 11 Cases or (ii) commencement of the Chapter 11 Cases under the Bankruptcy Code.  Accordingly, all such persons are required to continue to perform their obligations under such Contracts and Leases during the postpetition period.

7. The Court requests the assistance of all foreign courts in the enforcement of the automatic stay by all persons, entities, and governmental units within their jurisdiction.

8. In accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable law, upon request of a party in interest, and after notice and a hearing, this Court may grant relief from the restraints imposed herein in the event that it is necessary, appropriate, and warranted to terminate, annul, modify, or condition the injunctive relief herein.

9. Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates, or (c) shall be construed as a promise to pay a claim.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated:  November ____, 2019
       Wilmington, Delaware

_____
United States Bankruptcy Judge