**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BUMBLE BEE PARENT, INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 19-12502 (___)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) GRANTING
ADMINISTRATIVE EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS
FOR GOODS ORDERED PREPETITION AND RECEIVED
POSTPETITION AND AUTHORITY TO SATISFY SUCH OBLIGATIONS IN THE
ORDINARY COURSE OF BUSINESS, AND (II) GRANTING RELATED RELIEF**

    The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (i) granting administrative expense priority to all undisputed obligations for goods ordered prepetition and received postpetition and authority to satisfy such obligations in the ordinary course of business; and (ii) granting related relief. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Kent McNeil in Support of Chapter 11 Petitions and First-Day Motions* (the "First Day Declaration"), which was filed concurrently herewith. In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

    1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bumble Bee Parent, Inc. (5118); Bumble Bee Holdings, Inc. (1051); Bumble Bee Foods, LLC (0146); Anova Food, LLC (2140); and Bumble Bee Capital Corp. (7816). The headquarters for the above-captioned Debtors is 280 Tenth Avenue, San Diego, CA 92101.

01:25563963.1

Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicate for the relief requested herein is section 503(b) of the Bankruptcy Code.

## BACKGROUND

3. On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in the Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

4. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of the Proposed Order:  (i) granting administrative expense priority to all undisputed obligations for goods ordered prepetition and

received postpetition and authority to satisfy such obligations in the ordinary course of business; and (ii) granting related relief.

6. As noted in the First Day Declaration, filed concurrently herewith, the Debtors rely heavily on the receipt of various goods in the operation of their businesses, including but not limited to raw and finished food products, canning and other packaging supplies, and shipping-related products. Prior to the Petition Date, the Debtors ordered goods in the ordinary course of business that are essential to the conduct of their business but will not be received until after the Petition Date (the "Outstanding Prepetition Orders").

7. To avoid becoming general unsecured creditors of the Debtors' estates with respect to such goods, certain suppliers and vendors may refuse to ship or transport such goods (or may attempt to recall such shipments) unless the Debtors issue substitute purchase orders or agreements postpetition. To prevent any disruption to the Debtors' business operations, and given that goods necessary to the ordinary course operation of the Debtors' business that were ordered prepetition may not be received until after the Petition Date, the Debtors hereby seek entry of an order: (a) granting administrative expense priority under section 503(b) of the Bankruptcy Code to all undisputed obligations of the Debtors arising from the Outstanding Prepetition Orders and (b) authorizing the Debtors to satisfy such obligations in the ordinary course of business.

## BASIS FOR RELIEF

8. Pursuant to section 503(b) of the Bankruptcy Code, obligations that arise in connection with the postpetition receipt of goods, including goods ordered prepetition, are, in fact, administrative expense priority claims because they benefit the estate postpetition. Thus, the granting of the relief sought herein with respect to the Outstanding Prepetition Orders will not afford such claimants any greater priority than they otherwise would have if the relief

requested herein were not granted, and will not prejudice any other party in interest. Absent such relief, however, the Debtors may be required to expend substantial time and effort reissuing the Outstanding Prepetition Orders to provide certain suppliers and vendors with assurance of such administrative priority. The attendant disruption to the continuous and timely flow of critical goods to the Debtors would significantly hinder the Debtors' ability to continue operations in the ordinary course, damage the Debtors' business reputation, erode the Debtors' customer base and market share, and ultimately lead to a loss of revenue, all to the detriment of the Debtors and their creditors. Any inability to operate seamlessly in the ordinary course of business because the post-petition receipt of necessary goods has been interrupted could also jeopardize the Debtors' ability to consummate the restructuring transaction contemplated by their prepetition restructuring support agreement.

9. Accordingly, the Debtors submit that the Court should confirm the administrative expense priority status of the Outstanding Prepetition Orders and should authorize the Debtors to pay the Outstanding Prepetition Orders in the ordinary course of business.

**RESERVATION OF RIGHTS**

10. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be, nor should it be, construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **NOTICE**

11.    Notice of this Motion has been or will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) holders of the twenty (20) largest unsecured claims on a consolidated basis against the Debtors; (c) counsel to the ABL Agent and ABL DIP Agent; (d) counsel to the Term Loan Agent and Term Loan DIP Agent; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the Offices of the United States Attorney for each of the District of Delaware and the Northern District of California; and (h) the Banks. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of page intentionally left blank*]

## **CONCLUSION**

WHEREFORE, the Debtors request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 21, 2019
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Jared W. Kochenash*
Pauline K. Morgan (No. 3650)
Ryan M. Bartley (No. 4985)
Ashley E. Jacobs (No. 5635)
Elizabeth S. Justison (No. 5911)
Jared W. Kochenash (No. 6557)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Alan W. Kornberg
Kelley A. Cornish
Claudia R. Tobler
Christopher Hopkins
Rich Ramirez
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BUMBLE BEE PARENT, INC., *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 19-12502 (___)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

**ORDER (I) GRANTING ADMINISTRATIVE EXPENSE PRIORITY TO
ALL UNDISPUTED OBLIGATIONS FOR GOODS ORDERED PREPETITION
AND RECEIVED POSTPETITION AND AUTHORITY TO SATISFY
SUCH OBLIGATIONS IN THE ORDINARY COURSE
OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to section 503(b) of the Bankruptcy Code, (i) granting administrative expense priority to all undisputed obligations for goods received postpetition pursuant to the Outstanding Prepetition Orders and (ii) granting related relief; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and upon the First Day Declaration; and it appearing that proper and adequate notice of the Motion has been given and that no other or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bumble Bee Parent, Inc. (5118); Bumble Bee Holdings, Inc. (1051); Bumble Bee Foods, LLC (0146); Anova Food, LLC (2140); and Bumble Bee Capital Corp. (7816). The headquarters for the above-captioned Debtors is 280 Tenth Avenue, San Diego, CA 92101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All undisputed obligations related to postpetition receipt of good under the Outstanding Prepetition Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

3. The Debtors are authorized, but not directed, to pay all undisputed amounts related to the Outstanding Prepetition Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

4. Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates, or (c) shall be construed as a promise to pay a claim.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granting in this Order in accordance with the Motion.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: November ____, 2019
      Wilmington, Delaware

_____
United States Bankruptcy Judge