**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> BUMBLE BEE PARENT, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 19-12502 (LSS) <br><br> (Jointly Administered) <br><br> **Ref. Docket Nos. 16 & 73** |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 503(b), 1107(a), AND 1108 OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF (A) FOREIGN VENDORS; (B) DOMESTIC CRITICAL VENDORS; AND (C) LIENHOLDERS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 363(b), 503(b), 1107(a), and 1108 of title 11 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors, in their discretion, to pay, in the ordinary course of business, (a) Foreign Vendor Claims, (b) Domestic Critical Vendor Claims, and (c) Lien Claims, and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bumble Bee Parent, Inc. (5118); Bumble Bee Holdings, Inc. (1051); Bumble Bee Foods, LLC (0146); Anova Food, LLC (2140); and Bumble Bee Capital Corp. (7816). The headquarters for the above-captioned Debtors is 280 Tenth Avenue, San Diego, CA 92101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

25627192.4

pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and upon the record in the Chapter 11 Cases and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to pay, honor or otherwise satisfy Foreign Vendor Claims in the ordinary course of their business up to an aggregate amount of $3.9 million.

3. The Debtors are authorized, but not directed, in their discretion, to pay, honor or otherwise satisfy Domestic Critical Vendor Claims in the ordinary course of their business up to an aggregate amount of $4.3 million.

4. The Debtors are authorized, but not directed, in their discretion, to pay, honor or otherwise satisfy Lien Claims in the ordinary course of their business up to an aggregate amount of $3.6 million.

5. Nothing in this Interim Order shall prejudice the Debtors' right to request authority to pay additional amounts on account of Foreign Vendor Claims, Domestic Critical Vendor Claims, or Lien Claims and the Debtors' right to seek such relief is expressly reserved.

25627192.4

6. The Debtors are authorized, but not directed, in their discretion, to condition the payment of a Vendor Claim on the agreement of the Vendor to continue supplying goods and services to the Debtors on the Customary Trade Terms, or such other trade terms as are agreed to by the Debtors and the Vendor.

7. The Debtors are authorized, but not directed, in their discretion, to enter into Trade Agreements with the Vendors, including, without limitation, on the following terms:

a. The amount of the Vendor's estimated prepetition claim, after accounting for any setoffs, other credits, and discounts thereto, shall be as mutually determined in good faith by the Vendor and the Debtors (but such amount shall be used only for purposes of this Interim Order and shall not be deemed a claim allowed by this Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of this Court);

b. The amount and timing of any payment agreed to be paid in satisfaction of such estimated prepetition claim by the Debtors, subject to the terms and conditions set forth in this Interim Order;

c. The Vendor's agreement to provide goods and services to the Debtors based upon the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, normal product mix and availability, and other applicable terms and programs), or such other trade terms as are agreed to by the Debtors and the Vendor, and the Debtors' agreement to pay the Vendor in accordance with such terms;

d. The Vendor's agreement not to file or otherwise assert against any of the Debtors, their estates or any of their respective assets or property (real or personal) any lien (a "Lien") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Vendor by the Debtors arising from goods and services provided to the Debtors prior to the Petition Date, and that, to the extent that the Vendor has previously obtained such a Lien, the Vendor shall immediately take all necessary actions to release such Lien;

e. The Vendor's acknowledgment that it has reviewed the terms and provisions of this Interim Order and consents to be bound thereby;

f. The Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation claims; and

g. If a Vendor which has received payment of a prepetition claim subsequently refuses to provide goods and services to the Debtors on Customary Trade Terms or such other trade terms as are agreed to by the Debtors and the Vendor, then, without the need for

any further order of this Court, any payments received by the Vendor on account of such prepetition claim shall be deemed to have been in payment of any then outstanding postpetition obligations owed to such Vendor, such Vendor shall immediately repay to the Debtors any payments received on account of its prepetition claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding to such Vendor, without the right of setoff, recoupment or reclamation, and the Vendor's prepetition claim shall be reinstated as a prepetition claim in the Chapter 11 Cases and subject to the terms of any bar date order entered in the Chapter 11 Cases.

8. Notwithstanding anything to the contrary herein, absent further order of the Court, the Debtors shall not make any payments to FCF on account of its prepetition claims.

9. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Interim Order.

10. The Debtors shall maintain a matrix identifying (i) the name of each Domestic Critical Vendor, Foreign Vendor or Lienholder paid on account of its Domestic Critical Vendor Claim, Foreign Vendor Claim or Lien Claim, and (ii) the amount paid by each Debtor to each Domestic Critical Vendor, Foreign Vendor or Lienholder on account of its Domestic Critical Vendor Claim, Foreign Vendor Claim or Lien Claim. This matrix shall be provided on a weekly basis, one week in arrears, to counsel for the Term Loan Agent and the professionals retained by any statutory committee appointed in the Chapter 11 Cases, if any; *provided, however*, that the matrix shall be considered confidential.

25627192.4

11. A final hearing on the relief sought in the Motion shall be conducted on December 19, 2019 at 3:00 p.m. (ET) (the "Final Hearing"). Any party-in-interest objecting to the relief sought at the Final Hearing or the Final Order shall file and serve a written objection, which objection shall be served upon (i) proposed counsel for the Debtors, (a) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Alan W. Kornberg, Esq., Kelley A. Cornish, Esq., and Claudia R. Tobler, Esq.), and (b) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, Delaware 19801 (Attn: Pauline K. Morgan, Esq., Ryan M. Bartley, Esq., and Ashley E. Jacobs, Esq.); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801 (Attn: David L. Buchbinder, Esq.); (iii) counsel to the ABL Agent and ABL DIP Agent, (a) Paul Hastings LLP, 515 S. Flower St., 25th Floor, Los Angeles, California 90071 (Attn: Peter S. Burke, Esq.) and Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: Andrew V. Tenzer, Esq. and Michael E. Comerford, Esq.), and (b) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Matthew P. Ward, Esq. and Morgan L. Patterson, Esq.); (iv) counsel to the Term Loan Agent and Term Loan DIP Agent, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Matthew S. Barr, Esq. and David N. Griffiths, Esq.), and (b) Richards, Layton & Finger PA, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Paul N. Heath, Esq. and Zachary I. Shapiro, Esq.); and (v) counsel to any statutory committee appointed in the Chapter 11 Cases, in each case so as to be received no later than December 12, 2019 at 4:00 p.m. (ET). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

12. Nothing in this Interim Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates, or (c) shall be construed as a promise to pay a claim.

13. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

14. The requirements of Bankruptcy Rule 6003(b) are satisfied.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

16. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

25627192.4  **Dated: November 26th, 2019**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE