IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BUMBLE BEE PARENT, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12502 (LSS)<br><br>(Jointly Administered)<br><br>Sale Hearing Date: TBD<br>Objection Deadline: January 16, 2020 4:00 p.m. (ET)<br><br>Re: D.I. 31, 171 & 206 |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' GLOBAL RESERVATION OF RIGHTS IN CONNECTION WITH DEBTORS' MOTION FOR AN ORDER (A) APPROVING THE STALKING HORSE AGREEMENT; (B) APPROVING THE SALE TO THE STALKING HORSE BIDDER (OR BACKUP BIDDER) OF SUBSTANTIALLY ALL OF THE PURCHASED ASSETS OF THE DEBTORS, PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; (C) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE, (D) AUTHORIZING THE DEBTORS TO CONSUMMATE TRANSACTIONS RELATED THERETO, AND (E) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby submits this global reservation of rights (this "Global Reservation") in connection with the above-referenced motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Bumble Bee Parent, Inc. (5118); Bumble Bee Holdings, Inc. (1051); Bumble Bee Foods, LLC (0146); Anova Food, LLC (2140); and Bumble Bee Capital Corp. (7816). The headquarters for the above-captioned Debtors is 280 Tenth Avenue, San Diego, CA 92101.

filed by the Debtors (the "<u>Sale Motion</u>") [2] [D.I. 31].  In support of this Global Reservation, the Committee respectfully states as follows:

## BACKGROUND

1. The Sale Motion was filed contemporaneously with the Debtors' petitions for relief on November 21, 2019 (the "<u>Petition Date</u>").

2. The Sale Motion includes, as Exhibit C, a proposed sale order (the "<u>Proposed Sale Order</u>").

3. Paragraphs 23 through 27 of the Proposed Sale Order would authorize the Debtors to assume and assign the Assumed Contracts to the Buyer pursuant to Section 365 of the Bankruptcy Code.

4. Paragraph 24 of the Proposed Sale Order provides, in relevant part, as follows:

> Each non-Debtor party to an Assumed Contract is forever barred, estopped, and permanently enjoined from asserting against the Debtors or Buyer, their Affiliates, successors, or assigns, or the property of any of them, any default existing as of the date of the Sale Hearing if such default was not raised or asserted prior to or at the Sale Hearing.

5. Paragraph 25 of the Proposed Sale Order provides as follows:

> To the extent a non-Debtor party to an Assumed Contract failed to timely object to a proposed Cure Amount, such Cure Amount has been and shall be deemed to be finally determined and any such non-Debtor party shall be prohibited from challenging, objecting to, or denying the validity and finality of the Cure Amount at any time.

## RESERVATION OF RIGHTS

6. Because the scope of paragraphs 24 and 25 of the Proposed Sale Order is unclear, the Committee files this Global Reservation to explicitly and expressly preserve and reserve the

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

-3-

rights of all unsecured creditors whose executory contracts are assumed and assigned pursuant to the Sale Motion to assert any and all claims and causes of action against the Debtors or third parties arising from the Debtors' prepetition price-fixing activities irrespective of the proposed Cure Amounts set forth in the Debtors' *Notice of Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Proposed Cure Amounts* [D.I. 206].

7.  Language should be added to any sale order providing that any such claims and causes of action held by unsecured creditors that may arguably relate to an executory contract are not waived vis-à-vis the Debtors or any third parties by virtue of assumption and assignment of such executory contract.

*[Remainder of Page Intentionally Left Blank]*

8. Nothing in this Global Reservation is, or shall be deemed, a waiver of the Committee's right to object to the Sale Motion on any grounds and this Global Reservation is being filed solely to meet the January 16, 2020 cure objection deadline.

Dated: January 16, 2020
       Wilmington, Delaware

**BAYARD, P.A.**

/s/ *Gregory J. Flasser*
Justin R. Alberto (No. 5126)
Erin R. Fay (No. 5268)
Gregory J. Flasser (No. 6154)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: jalberto@bayardlaw.com
      efay@bayardlaw.com
      gflasser@bayardlaw.com

-and-

**LOWENSTEIN SANDLER LLP**
Eric Chafetz
Andrew Behlmann
1251 Avenue of the Americas
New York, New York, 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: EChafetz@lowenstein.com
      ABehlmann@lowenstein.com

*Proposed Co-Counsel for the Official Committee of Unsecured Creditors*