# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BUMBLE BEE PARENT, INC., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 19-12502 (LSS)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 31, 171 & 326 |

**SUPPLEMENTAL ORDER (A) APPROVING THE STALKING HORSE AGREEMENT; (B) APPROVING THE SALE TO THE STALKING HORSE BIDDER OF SUBSTANTIALLY ALL OF THE PURCHASED ASSETS OF THE DEBTORS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; (C) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; (D) AUTHORIZING THE DEBTORS TO CONSUMMATE TRANSACTIONS RELATED TO THE ABOVE; AND (E) GRANTING OTHER RELIEF**

Upon the *Debtors' Motion for Entry of an Orders (I) (A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtors' Assets, (B) Authorizing and Approving Entry Into the Stalking Horse APA, (C) Approving the Designation of the Stalking Horse Bidder, (D) Approving Bid Protections, (E) Scheduling a Sale Hearing and Objection Deadlines With Respect to the Sale, (F) Scheduling an Auction, (G) Approving the Form and Manner of Notice of the Sale Hearing and Auction, (H) Approving Contract Assumption and Assignment Procedures, and (I) Granting Related Relief; and (II) (A) Approving the Stalking Horse Agreement; (B) Approving the Sale to the Stalking Horse Bidder (or Backup Bidder) of Substantially All of the Purchased Assets of the Debtors, Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (C) Approving the Assumption and Assignment of Certain*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Bumble Bee Parent, Inc. (5118); Bumble Bee Holdings, Inc. (1051); Bumble Bee Foods, LLC (0146); Anova Food, LLC (2140); and Bumble Bee Capital Corp. (7816). The headquarters for the above-captioned Debtors is 280 Tenth Avenue, San Diego, CA 92101.

25956888.1

*Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code, (D) Authorizing the Debtors to Consummate Transactions Related Thereto, and (E) Granting Related Relief* (the "Motion") [Docket No. 31] of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1 and 6006-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order (the "Order") authorizing and approving the proposed sale of the Purchased Assets and the assumption and assignment of certain executory contracts and unexpired leases of the Debtors in connection therewith on the terms set forth in the Stalking Horse Agreement; and this Court having entered the *Order (A) Approving the Stalking Horse Agreement; (B) Approving the Sale to the Stalking Horse Bidder of Substantially All of the Purchased Assets of the Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (D) Authorizing the Debtors to Consummate Transactions Related to the Above; and (E) Granting Other Relief* [Docket No. 326] (the "Sale Order"),[2] which approved the Motion and the Debtors' entry into the Stalking Horse Agreement; and in aid of consummation of the Sale and upon the agreement of the Debtors, the Buyer, and the Chubb Companies; and the findings of fact and conclusions of law set forth in the Sale Order are incorporated herein as if fully stated and ordered herein and all matters; and after due deliberation and consideration, and for good and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Sale Order and/or the Motion, as applicable.

25956888.1

**IT IS FOUND, CONCLUDED AND DETERMINED THAT:**

1. Notwithstanding anything to the contrary in the Sale Order, the Stalking Horse Agreement, or any document related to the foregoing (other than the Chubb Assumption Agreement (as defined below)) or any other order of the Court, and subject to (x) the execution of the Chubb Assumption Agreement by the Debtors, the Buyer, and Chubb (as defined below), (y) the satisfaction of the conditions to effectiveness to the Chubb Assumption Agreement, and (z) the occurrence of the Closing Date:

    (a) Effective as of the Closing Date, the Debtors are hereby authorized to and shall assume, pursuant to 11 U.S.C. §§ 105 and 365, all insurance policies issued by ACE American Insurance Company, Westchester Surplus Lines Insurance Company, ACE Property and Casualty Insurance Company, Illinois Union Insurance Company, Federal Insurance Company and Vigilant Insurance Company (and together with each of their affiliates and successors and ESIS, Inc., "Chubb") to (or providing coverage to) one or more of the Debtors and/or their predecessors at any time and all programs, collateral and security, claims servicing and other agreements related thereto (collectively, the "Chubb Insurance Contracts");

    (b) Effective as of the Closing Date, the Debtors are hereby authorized to and shall assign the Chubb Insurance Contracts to the Buyer and to enter into an assumption agreement by and among the Debtors, the Buyer, and Chubb (substantially in the form attached hereto as **Exhibit A**, the "Chubb Assumption Agreement,") with respect to such assignment; and

    (c) The Chubb Assumption Agreement shall provide, among other things, that (i) the rights and interests of the Debtors in the Insurance Programs and the Collateral

(each as defined in the Chubb Assumption Agreement) shall be transferred and assigned to the Buyer, and all right, title and interest of the Debtors in the Insurance Programs and the Collateral shall terminate, and (ii) the right, if any, to any return premiums, loss payments, expense adjustments, return of paid loss deposit funds, and other benefits under the Insurance Programs shall belong to the Buyer, and not to the Debtors.

(d) Effective as of the Closing Date, the Chubb Insurance Contracts shall be deemed to be "Purchased Assets" and "Assumed Contracts."

(e) Except to the extent specifically addressed in this paragraph or in the Chubb Assumption Agreement (once effective in accordance with its terms), nothing shall amend, modify or otherwise alter the terms and conditions of the Chubb Insurance Contracts.

2.   This Order (the "Supplemental Sale Order") is entered pursuant to paragraph 52 of the Sale Order.

3.   Notwithstanding the applicability of Bankruptcy Rules 6004(h) and 6006(d), and in accordance with paragraph 33 of the Sale Order, the terms and conditions of this Supplemental Sale Order shall be immediately effective and enforceable upon its entry.

4.   The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Supplemental Sale Order.

25956888.1

5. This Court shall retain exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation and enforcement of this Supplemental Sale Order.

**Dated: January 30th, 2020**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

5

25956888.1