**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OLD BBP, INC., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 19-12502 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: April 1, 2020 at 10:00 a.m. (ET)**<br>**Objection Deadline: March 25, 2020 at 4:00 p.m. (ET)** |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF HOULIHAN LOKEY CAPITAL, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD OF NOVEMBER 21, 2019 THROUGH JANUARY 31, 2020**

| | |
|---|---|
| Name of Applicant: | Houlihan Lokey Capital, Inc. |
| Authorized to Provide Professional Services to: | the above-captioned debtors (collectively, the "Debtors") |
| Date of Retention: | December 26, 2019, *nunc pro tunc* to November 21, 2019 |
| Period for which compensation and reimbursement are sought: | November 21, 2019 through January 31, 2020 |
| Total Compensation Requested On a Final Basis: | $8,086,752 consisting of: $188,710 in Monthly Fees and $7,898,042 for the WholeCo Sale Transaction Fee[2] |
| Total Expense Reimbursement Requested on a Final Basis: | $8,124 |
| This is a(n):　　Monthly　　　Interim　　　X Final Application | |
| Is this a first monthly application?  Yes X　　　No ___ | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Old BBP, Inc. (f/k/a Bumble Bee Parent, Inc.) (5118); Old BBH, Inc. (f/k/a Bumble Bee Holdings, Inc.) (1051); Old BBF, LLC (f/k/a Bumble Bee Foods, LLC) (0146); Anova Food, LLC (2140); and Old BBC Corp. (f/k/a Bumble Bee Capital Corp.) (7816). The mailing address for the above-captioned Debtors is Old BBP, Inc., *et al.*, Attn: Albert Altro, Chief Wind Down Officer, Traverse LLC, 300 Spectrum Center Dr., Suite 400, Irvine, California 92618.

[2] WholeCo Sale Transaction Fee calculated net of applicable Monthly Fee crediting, as detailed in this Final Fee Application

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OLD BBP, INC., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 19-12502 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: April 1, 2020 at 10:00 a.m. (ET)**<br>**Objection Deadline: March 25, 2020 at 4:00 p.m. (ET)** |

**FIRST AND FINAL FEE APPLICATION OF HOULIHAN LOKEY CAPITAL, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE DEBTORS FOR THE PERIOD OF NOVEMBER 21, 2019 THROUGH JANUARY 31, 2020**

Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), as financial advisor and investment banker to the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its final application for approval of compensation and reimbursement of expenses (this "Final Fee Application"), as set forth in the proposed order attached hereto as Exhibit B, to the United States Bankruptcy Court for the District of Delaware (the "Court"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2, Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Docket No. 156] (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Old BBP, Inc. (f/k/a Bumble Bee Parent, Inc.) (5118); Old BBH, Inc. (f/k/a Bumble Bee Holdings, Inc.) (1051); Old BBF, LLC (f/k/a Bumble Bee Foods, LLC) (0146); Anova Food, LLC (2140); and Old BBC Corp. (f/k/a Bumble Bee Capital Corp.) (7816). The mailing address for the above-captioned Debtors is Old BBP, Inc., *et al.*, Attn: Albert Altro, Chief Wind Down Officer, Traverse LLC, 300 Spectrum Center Dr., Suite 400, Irvine, California 92618.

1

"Interim Compensation Order"). By this Final Fee Application, Houlihan Lokey seeks compensation for investment banking services performed and expenses incurred during the period commencing November 21, 2019 through January 31, 2020 (the "Final Fee Application Period").

1. By this Final Fee Application, Houlihan Lokey requests: (a) final allowance of compensation of $8,086,752, and (b) final allowance of reimbursement of $8,124 in expenses, in accordance with the Interim Compensation Order. The total amount of compensation and expense reimbursement requested to be approved pursuant to this Final Fee Application is $8,094,876.

2. Pursuant to Local Rule 2016-2, this Final Fee Application is supported by the certification of Matt Braun, which is annexed hereto as Exhibit A. In further support of this Final Fee Application, Houlihan Lokey states as follows:

## BACKGROUND

3. On November 21, 2019 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On November 27, 2019, the Debtors filed an application for an order approving the employment and retention of Houlihan Lokey as their financial advisor and investment banker *nunc pro tunc* to the Petition Date [Docket No. 87] (the "Retention Application").

5. On December 26, 2019, the Court entered an order approving the Retention Application [Docket No. 196] (the "Retention Order").

6. The terms and conditions of Houlihan Lokey's engagement in these cases, which are embodied in the Retention Order and approved by the Court, are based upon Houlihan Lokey's engagement agreement with the Debtors dated as of October 3, 2019 (the "Engagement Agreement") and as modified in the Retention Order. Pursuant the Retention Order, Houlihan

Lokey is to be compensated through a monthly fee of $150,000 (the "Monthly Fee"), plus a WholeCo Sale Transaction Fee (as modified in section 6 of the Retention Order).

7. In addition, the Retention Order entitles Houlihan Lokey to receive reimbursement of all actual and reasonable out-of-pocket expenses.

8. Under the Retention Order, Houlihan Lokey is compensated on a flat monthly and transactional, as opposed to hourly, fee basis, reflecting a typical fee structure for Houlihan Lokey and other leading investment banking firms. For the convenience of the Court and all parties in interest, attached hereto as Exhibit C is a schedule setting forth estimated hours worked by professionals during the Final Fee Application Period. Because Houlihan Lokey does not have the systems in place to allow its professional staff to regularly log hours worked, the hours logged are estimates only.

9. After approximately two months operating in chapter 11, the Debtors successfully sold a majority of their assets as a result of the sale process conducted by Houlihan Lokey which began many months prior to the Petition Date (the "Prepetition Sale Process").

**SUMMARY OF SERVICES PROVIDED BY HOULIHAN LOKEY**

10. Houlihan Lokey was first engaged by Clover Leaf Seafood S.à.r.l. ("Clover Leaf"), the parent company to the Debtors, pursuant to an engagement agreement dated December 19, 2018 (the "December Agreement") for the purpose of assisting with the sale of Clover Leaf's non-Debtor assets. Houlihan Lokey was also engaged by Bumble Bee Foods, LLC ("BBF LLC"), one of the Debtors, pursuant to an engagement agreement dated April 24, 2019 (the "April Agreement") for the purpose of assisting with the raising of funds in connection with efforts to resolve civil litigation claims. Both the December Agreement and the April Agreement were superseded by an engagement agreement with Bumble Bee Foods S.à.r.l. ("BBF S.à.r.l."), the

parent company to Clover Leaf and BBF LLC, dated September 5, 2019 (the "September Agreement" and, collectively with the December Agreement and the April Agreement, the "Prior Agreements") which expanded Houlihan Lokey's engagement to include assisting with a sale of both Debtor and non-Debtor assets, as well as ancillary services in connection with a potential bankruptcy filing. The September Agreement was superseded by the Engagement Agreement which was modified by the Retention Order.

11. Houlihan Lokey's post-petition work on behalf of the Debtors included, but was not limited to, the following services:

a) reviewed diligence materials and coordinated ongoing diligence by a number of interested parties (potential buyers, potential lenders, prepetition lenders, and the Official Committee of Unsecured Creditors (the "Committee"));

b) conducted an overbid sale process reaching out to 65 potential buyers, all of whom had previously executed non-disclosure agreements as part of the Prepetition Sale Process;

c) assisted Debtors' management team with post-emergence financing discussions, which included analyzing borrowing base constraints and liquidity requirements, and assisting with updating the Company's Confidential Information Memorandum;

d) coordinated information flow and provided analyses for the benefit of the Prepetition Term Facility Lenders, Prepetition ABL Facility Lenders, and the Committee;

e) participated in weekly and ad hoc telephonic meetings with the Debtors' management team and Special Restructuring Committee;

f) prepared Debtors' funds flow and coordinated closing process;

g) prepared analyses in support of some of the Debtors' court filings;

h) Eric Winthrop and Matt Braun submitted declarations in support of three different motions brought before the Court; and

i) Houlihan Lokey performed various other financial advisory and investment banking services as requested, including coordinated such services with other advisors and counsel, as appropriate, in an effort to avoid duplication of effort.

12. Houlihan Lokey's post-petition work on behalf of the Debtors was critical to support the Debtors' discussions and negotiations with its creditors and other parties-in-interest, which culminated in a successful closing of the sale to FCF Co., Ltd.

13. The following professionals in Houlihan Lokey's Los Angeles and Chicago offices performed substantial services to the Debtors in these cases:

| Professional | Title | Office |
| --- | --- | --- |
| Eric Winthrop | Managing Director | Los Angeles |
| Matthew Kaczmarek | Managing Director | Chicago |
| Matt Braun | Senior Vice President | Los Angeles |
| Nate Grow | Vice President | Chicago |
| Shane Soobotin | Associate | Los Angeles |
| Tim Binney | Associate | Chicago |
| Chloe Wang | Analyst | Los Angeles |
| Connor Lain | Analyst | Chicago |
| Megan Downey | Analyst | Chicago |

14. Pursuant to the Retention Order, Houlihan Lokey is excused from complying with the information requirements contained in Bankruptcy Rule 2016(a) and Local Rule 2016-2.

## HOULIHAN LOKEY'S FINAL FEE APPLICATION

15. Houlihan Lokey has rendered substantial and valuable professional services on behalf of the Debtors that resulted in a significant benefit to the creditors of the Debtors' estates and that were beneficial to the administration of these chapter 11 cases. Houlihan Lokey respectfully submits that its services were provided with the requisite level of skill and were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problems, issues, and tasks addressed. Houlihan Lokey charged its customary fees, which are reasonable based on the

customary compensation charged by comparably skilled professionals in cases other than cases under this title. The amount sought in compensation is in line with awards in similar cases and is commensurate with the professional standing, ability, and expertise of Houlihan Lokey and the professionals who have participated in these cases. Accordingly, the compensation requested herein reflects the reasonable value of the services provided to the Debtors.

16. In the period leading up to the Petition Date, the Debtors paid Houlihan Lokey a total of $1,200,000 in the aggregate for professional services attributable to periods from April 24, 2019 to December 23, 2019, which includes payments made in advance and attributable to a partial period after the Petition Date. In addition, prior to the Petition Date, Houlihan Lokey received $23,775 to cover actual expenses incurred and $25,000 as an expense retainer to cover any remaining pre-petition expenses not yet posted to Houlihan Lokey's accounting system.

***Monthly Fees Paid Prior to Petition Date***

| Invoice Date | Attributable Period | Amount |
|---|---|---|
| Apr 24 2019 | Apr 24 - May 23, 2019 | $150,000 |
| May 31 2019 | May 24 - Jun 23, 2019 | 150,000 |
| Jun 24 2019 | Jun 24 - Jul 23, 2019 | 150,000 |
| Jul 24 2019 | Jul 24 - Aug 23, 2019 | 150,000 |
| Aug 27 2019 | Aug 24 - Sep 23, 2019 | 150,000 |
| Sep 26 2019 | Sep 24 - Nov 23, 2019 | 300,000 |
| Nov 04 2019 | Nov 24 - Dec 23, 2019 | 150,000 |
| **Total fees paid prior to the Petition Date** | | **$1,200,000** |

17. Houlihan Lokey's fee and expense detail after the Petition Date is outlined in Exhibit D attached hereto. In accordance with paragraph 6 of the Retention Order, Houlihan is seeking financial allowance compensation of $8,086,752 and final allowance of reimbursement of expenses of $8,124.

18. Houlihan Lokey's request for final allowance compensation includes $188,710 in the aggregate Monthly Fees for professional fees incurred after the Petition Date and attributed

to the period December 24, 2019 to January 31, 2020. Houlihan Lokey has already received payment by the Debtors for the aggregate Monthly Fees during the Final Fee Application Period.

*Monthly Fees Paid During the Final Fee Application period*

| Invoice Date | Attributable Period | Amount |
|---|---|---|
| Jan 09, 2020 | Dec 24 - Jan 23, 2020 | 150,000 |
| Jan 23, 2020 | Jan 24 - Jan 31, 2020 | 38,710 |
| **Total fees paid during the Final Fee Application Period** | | **$188,710** |

19. Houlihan Lokey's request for final allowance compensation also includes $7,898,042 for the WholeCo Sale Transaction Fee which is calculated net of applicable Monthly Fee crediting.

20. The WholeCo Sale Transaction Fee earned by Houlihan Lokey of $7,898,042 consists of: $8,367,397, calculated as 0.90% of the Purchase Price of $929,710,798, as defined in the stalking horse asset purchase agreement dated November 21, 2019 (the "Stalking Horse APA"), net of crediting of 50% of aggregated Monthly Fees earned after July 23, 2019 calculated as $469,355.

*WholeCo Sale Transaction Fee Calculation*

*[summary chart appears on the following page]*

| WHOLECO SALE TRANSACTION FEE | | |
|---|---|---:|
| Base Purchase Price | | 925,600,000 |
| DIP Collared Increase Amount (up to $5mm) | | 3,413,721 |
| Plus: Amounts paid by Sellers due to cancelled contracts | | 473,000 |
| Plus: Prepaid Current Wage Amounts | | 224,077 |
| **Purchase Price** | | **929,710,798** |
| WholeCo Sale Transaction Fee (%) | | 0.90% |
| **WholeCo Sale Transaction Fee (prior to crediting)** | **[A]** | **8,367,397** |
| MONTHLY FEE CREDITING | | |
| Monthly Fees Earned (04/24/19 to 01/31/20) | | 1,388,710 |
| Less: Monthly Fees Earned (04/24/19 to 07/23/19) | | (450,000) |
| Monthly Fees subject to crediting | | 938,710 |
| **Applicable Monthly Fee Crediting (50%)** | **[B]** | **469,355** |
| **WHOLECO SALE TRANSACTION FEE** | **[A] less [B]** | **7,898,042** |

21.     Houlihan Lokey's request for final allowance of reimbursement of expenses consists of $8,124 of out-of-pocket expenses incurred after the Petition Date.

22.     As stated more fully in the Retention Application, prior to the Petition Date, Houlihan Lokey received a $25,000 expense reimbursement retainer to cover pre-petition expenses under the Engagement Agreement. The $25,000 expense reimbursement retainer was applied against $21,047 of pre-petition expenses not yet posted to Houlihan Lokey's accounting system. Thus, as of the Petition Date, $3,953 of the initial $25,000 expense reimbursement retainer was available for future post-petition out-of-pocket expenses under the Engagement Agreement.

23.     Houlihan Lokey requests that the remaining expense reimbursement retainer be applied against Houlihan Lokey's $8,124 post-petition reimbursable out-of-pocket expenses. If approved, the $25,000 expense reimbursement retainer would be fully used and $4,172 of Houlihan Lokey's post-petition reimbursable out-of-pocket expenses would remain outstanding.

24. All requested expenses are in compliance with Local Rule 2016-2 and Houlihan Lokey has maintained detailed records of actual and necessary expenses incurred.

25. The total amount of compensation and expense reimbursement requested to be approved pursuant to this Application is $8,094,876. Houlihan Lokey has already received payment by the Debtors for the $188,710 of aggregate Monthly Fees for professional fees incurred after the Petition Date (as described above). Assuming Houlihan Lokey's request to have the $3,953 remaining expense reimbursement retainer applied against Houlihan Lokey's post-petition reimbursable out-of-pocket expenses is approved, the total amount of compensation and expense reimbursement requested but unpaid as of this filing would be $7,902,214.

WHEREFORE, Houlihan Lokey requests that the Court (i) approve, on a final basis, this Final Fee Application for services rendered and costs incurred during the Final Fee Application Period and authorize direct payment of all such amounts not previously paid; and (ii) enter any such other and further relief as the Court deems proper.

Dated:   March 11, 2020
        Los Angeles, California

        HOULIHAN LOKEY CAPITAL, INC.

By: */s/ Matt Braun*
    Matt Braun
    Senior Vice President

    10250 Constellation Blvd.
    Los Angeles, CA 90067